OPINION
Defendant-appellant Sherman E. Jones appeals the May 18, 2001 Judgment Entry of the Ashland County Court of Common Pleas which overruled his motion to vacate the payment of fines and court costs. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On June 10, 1994, the Ashland County Grand Jury indicted appellant on four counts of Trafficking in Marijuana, in violation of R.C.2925.03(A)(1) and four counts of Aggravated Trafficking in Drugs, in violation of R.C. 2925.03(A)(10). On September 27, 1994, a jury found appellant guilty on each of the eight counts as charged in the indictment. The trial court sentenced appellant to an indeterminate sentence of not less than three (3) years and not more than fifteen years of incarceration on each of the counts of aggravated trafficking in drugs, to be served consecutively and was further sentenced to one year on each of the counts of trafficking in marijuana, to be served concurrently to each other and to the counts of aggravated trafficking in drugs. Appellant was also ordered to pay a mandatory fine of Five Thousand Dollars ($5,000.00) on each of the counts of Aggravated Trafficking in Drugs and a mandatory fine of Two Thousand Dollars ($2,000.00) on each of the counts of Trafficking in Marijuana. The judgment entry also contained the following paragraph with regard to costs:
 Costs in the amount $_____ are taxed to the Defendant and in addition to these costs, the Defendant is taxed a sum of $11 pursuant to Section 2949.091 of the Ohio Revised Code. In addition, the $30 previously posted with the Clerk of Courts is to be paid over to the Treasurer of the State of Ohio, pursuant to Section 2743.70 of the Ohio Revised Code.
Judgment Entry at 5.
On December 29, 2000, appellant filed a Motion to Vacate or Dismiss Court Imposed Fines and/or Court Costs. In a January 5, 2001 Judgment Entry, the trial court overruled appellant's motion.
On May 17, 2001, appellant filed a Motion to Vacate the Payment of Fines and Court Costs. The trial court overruled the motion on May 18, 2001. It is from this judgment entry appellant prosecutes his appeal, assigning the following as error:
 I. THE TRIAL COURT ERRORED (SIC)IN OVERRULING DEFENDANT'S MOTION TO VACATE PAYMENT OF FINES AND COURT COSTS KNOWING THAT THE DEFENDANT HAD BEEN DECLARED INDIGENT BY THE COURT AND FOR FAILURE TO HOLD A HEARING TO DETERMINE HIS FUTURE ABILITY TO PAY.
 II. THE TRIAL COURT ERRORED (SIC) TO THE PREJUDICE OF THE DEFENDANT WHEN IT SENTENCED THE DEFENDANT TO PAY FINES AND FOR FAILURE TO COMPLY WITH R.C. 2929.18 BEFORE IMPOSING A FINANCIAL SANCTION; THE FINES/COSTS LEVIED BY THE TRIAL COURT TOTALING $28,606.70.
 I, II
Both of appellant's assignments of error attack the trial court's imposition of "fines" and court costs. Appellant was sentenced to pay mandatory fines and court costs. We find we have no jurisdiction to address appellant's claims herein.
Appellant attacks the imposition of fines and/or court costs which were imposed in the September 27, 1994 Judgment Entry sentencing appellant for his crimes. Pursuant to App. R. 4, appellant had thirty days in which to attack this judgment entry. Appellant's attempt to collaterally attack the original judgment entry over six years later is untimely.
JUDGMENT ENTRY
For the reason stated in the Memorandum-Opinion on file, this appeal is ordered dismissed. Costs assessed to appellant.
Hon. W. Scott Gwin, P.J., Hon. William B. Hoffman, J., Hon. John F. Boggins, J. concur.